11WICKER, Judge.
This appeal arises in a suit by Bobbie Paul Boudreaux pursuant to the Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C. § 901 et seq.[1] Bou-dreaux was injured on August 18, 1989 when he fell through a hole in a dock and injured his wrist. At the time he was performing repairs to the dock as an employee of River Construction Co., Inc./Taylor Industries, Inc. The dock was part of the facilities of the St. Charles Parish Grain Elevator.
Boudreaux filed a negligence action against various parties, including Archer Daniels Midland Company d/b/a St. Charles Grain Elevator (hereafter ADM), Taylor Industries, Inc., and United States Fidelity and Guaranty Insurance Company (hereafter USF & G). He alleged he had been paid LHWCA benefits by his employer’s insurer, Aetna Casualty and Surety Company, and had settled his claim for weekly benefits while retaining his medical coverage under the Act. Aetna filed an intervention to recover its ^compensation lien. (Aetna alleged, however, that it had paid the benefits to plaintiff pursuant to the Louisiana Workers’ Compensation Act.)
ADM, Taylor and USF & G filed a motion for summary judgment, asserting that Bou-dreaux was not a longshoreman and thus not entitled to the benefits of 33 U.S.C. § 905(a), so that his exclusive remedy is in state worker’s compensation law. The trial court *997 granted the motion for summary judgment, stating:
The status of the seaman is determined as I found in the case of McDermott International, Inc. v. Wilander, 498 U.S. 337 [111 S.Ct. 807, 112 L.Ed.2d 866] (1991) in that the United States Supreme Court has made the decision stating that employment related connection is necessary. “That the Supreme Court has rejected the contention that a seaman’s job must be related to the transportation function of the vessel explaining that the key to a seaman’s status is an employment related connection to a vessel in navigation.”
In as much as this party does not meet the qualifications of a seaman, the Motion for Summary Judgment is going to be granted.
Both the plaintiff and the intervenor have appealed.
The district court’s ruling is incorrect as a matter of law. The question before the court was not whether the plaintiff was a seaman, but whether he was a longshoreman or har-borworker covered by the LHWCA. Nevertheless, we are required to review the record to establish whether summary judgment properly could have been granted on the LHWCA issue.
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge’s consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Id. If the supporting documents presented by the mover are not sufficient to resolve all material |gfact issues, summary judgment must be denied. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036, 1038 (La.App. 3d Cir. 1992).
Only if the supporting documents of the mover are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id. Any doubt is resolved against the granting of the summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La. 1979).
Courts must closely scrutinize the papers supporting the position of mover, while the papers of the party opposing the motion are to be indulgently treated. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ den., 429 So.2d 147 (La.1983). The court must find the mover’s supporting documents are sufficient to resolve all material issues of fact. Louisiana Nat. Bank v. Slaughter, 563 So.2d 445, 447 (La.App. 1st Cir.1990). If they are insufficient, summary judgment must be denied. Id. All doubts will be decided in favor of trial on the merits even if grave doubts exist as to a party’s ability to establish disputed facts at trial. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318, 324 (La.App. 4th Cir.1991).
The record before us is inadequate to support summary judgment. It contains nothing to support the movers’ factual assertions regarding the plaintiffs status. The movers filed no affidavits, depositions, or statement of uncontested material facts. There are only the pleadings and the allegations made therein. Accordingly, there is no basis in the record for summary judgment on plaintiffs status as an employee under the LHWCA.
For the foregoing reasons, the summary judgment is reversed and the matter is remanded for further proceedings.

REVERSED AND REMANDED.

. The LHWCA provides for payment of compensation to employees who suffer disability or death from an injury occurring upon navigable waters of the United States or any adjoining pier, wharf, dry dock, etc. 33 U.S.C. § 903(a). "Employee" is defined as any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker, with certain exclusions. 33 U.S.C. § 902(3). The liability of the employer under the LHWCA is exclusive and in place of all other liability, except that if the employer fails to secure payment of compensation as required, the injured employee may elect either to claim compensation as provided by the Act or to maintain an action at law. 33 U.S.C. § 905(a).