803 So.2d 198 (2001)
TERMINIX SERVICES, INC.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 01-CA-720.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*200 George J. Nalley, Jr., Christopher J. Stahulak, George J. Nalley, Jr., APLC, Metairie, LA, Counsel for Terminix Services, Inc., Plaintiff-Appellant.
Dominic J. Ovella, Darren A. Patin, Alayne R. Corcoran, Metairie, LA, Counsel for State Farm Mutual Automobile Insurance Company, Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
ROTHSCHILD, Judge.
This matter arises out of a fire loss sustained by Terminix Services, Inc. ("Terminix") on April 20, 1999. Terminix appeals from a summary judgment rendered in favor of defendant, State Farm Mutual Insurance Company ("State Farm"), on the issue of insurance coverage. We affirm.

FACTS AND PROCEDURAL HISTORY
Terminix contracted with Reichert Iron Works, Inc. ("Reichert") to perform repairs and renovation of the Terminix office building located in Metairie, Louisiana. While Reichert employees were performing certain iron work according to the contract, a fire erupted which resulted in complete destruction of the Terminix facility. The fire department subsequently determined that the fire was caused by sparks from the cutting torch used by the Reichert employees in the installation of an upstairs window.
On January 11, 2000, Terminix filed the instant suit for damages against Reichert. and its commercial general liability insurer, Clarendon American Insurance Company, for negligent performance of iron work on plaintiff's building. On September 19, 2000, plaintiff amended its petition to name as defendant State Farm, which issued a business automobile policy to Reichert that plaintiff alleged provided coverage in this case.
Terminix subsequently resolved its claims against Clarendon by a settlement agreement between the parties executed on October 3, 2000. The record contains a motion for partial dismissal whereby Terminix moved to dismiss its claims against Clarendon and Reichert with prejudice, but reserved its rights to proceed against any and all other insurers of Reichert which may have provided additional coverage, including State Farm. An order of dismissal to this effect was signed by the trial court on October 9, 2000.
State Farm subsequently filed an answer to Terminix's amended petition, generally denying the allegations and further asserting that the subject policy provided no coverage for the damages sustained by Terminix. On March 12, 2000, Terminix filed a motion for summary judgment as to coverage under the policy. On March 20, 2000, State Farm filed a cross-motion for summary judgment on the same issue asserting that no coverage existed under the terms of the subject policy.
Both motions were heard by the trial court on April 2, 2001. The trial court rendered judgment on April 3, 2001 granting summary judgment in favor of State Farm and denying Terminix's motion for summary judgment. The trial court found that the coverages provided in each of the policies issued to Reichert were mutually exclusive, and that Terminix could not reap the benefit of coverage under the State Farm policy once it had availed itself of the coverage offered by the Clarendon policy.
Terminix subsequently filed a motion for new trial arguing that there was no exclusion in the State Farm policy which would prevent coverage in this case as found by the trial judge. Following a hearing, the *201 trial court denied this motion, further stating that there was no coverage for this type of incident on an automobile policy. This appeal followed.

LAW AND DISCUSSION
By its appeal, Terminix argues that the trial court erred in finding that the State Farm policy and the Clarendon policy are mutually exclusive, as the State Farm policy failed to contain an exclusion of claims covered by the Clarendon policy. Appellant further argues that the trial court failed to determine whether the State Farm policy provided coverage to Reichert for this incident. Terminix contends that the fire that destroyed its facility arose out of a use of the vehicle insured by State Farm, and therefore the State Farm policy provides coverage in this case.
La. C.C.P. art. 966 provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P.art. 966(A)(2). In reviewing an order granting summary judgment, the appellate court conducts a de novo review using the same criteria as is used by a trial court in deciding whether summary judgment should be granted. Boudreaux v. Taylor Industries, 95-1039 (La.App. 5 Cir. 3/26/96), 672 So.2d 995.
The State Farm policy issued to Reichert specifically provides coverage for "damages which an insured becomes legally liable to pay because of:
a. bodily injury to others, and
b. damage to or destruction of property including loss of its use, caused by accident resulting from the ownership, maintenance or use of your car;"
The Clarendon policy issued to Reichert excludes coverage for
bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by, or rented or loaned to any insured. Use includes operation and loading and unloading.
We agree with the trial judge that a reading of the automobile liability insurance policy and the CGL policy indicates that the two policies issued to Reichert are structured to be mutually exclusive. Louisiana courts have held that when automobiles covered under automobile liability policies are not being used for locomotion or transport purposes, but rather for purposes usually associated with the type of risks normally covered by a CGL policy, the CGL policy will provide coverage. Americas Ins. Co. v. Reliance Ins. Co., 98-1008 (La.App. 3 Cir. 2/3/99), 736 So.2d 256, 260, and cases cited therein. In the present case, there was no dispute that the covered automobile was stationary at the time of this incident and was not being used for locomotion or transportation purposes. Thus, although coverage under the CGL policy was not judicially determined because of the pre-trial settlement agreement between the parties, we nevertheless conclude that based on the facts of this case, the exclusion in the Clarendon policy with regard to the use of an automobile is not applicable.
Appellant next argues that in holding that no coverage existed the trial court failed to consider the terms of the State Farm policy. However, both insurance policies were submitted to the trial court, and the court clearly stated at the hearing on appellant's motion for new trial that he *202 had read both policies and that the terms of the State Farm policy provided no coverage for the incident herein. Our review of the record supports the trial court's determinations.
Coverage under the State Farm policy turns on the question of whether the insured vehicle was in "use" at the time of the incident herein. The meaning of the term "use" in vehicle liability insurance policies has been the subject of much litigation. It is well established that one need not be actually operating or driving a vehicle in order to be using it. Baudin v. Traders and General Insurance Company, 201 So.2d 379 (La.App. 3rd Cir.1967), writ denied, 251 La. 224, 203 So.2d 557 (La. 1967); Tolleson v. State Farm Fire and Cas. Co., 449 So.2d 105 (La.App. 1st Cir. 1984), writ denied, 450 So.2d 968 (La. 1984).
Further, the jurisprudence of Louisiana has given a broad interpretation to the words "arising out of the ... use of the automobile." The totality of the circumstances surrounding or leading up to an accident should be examined in determining if that accident arose out of the "use" of the automobile or truck. By looking to what part the automobile played in the entire scheme the courts can determine if there is coverage, and if so, how far it will be extended. Each case must depend on its facts according to the part the automobile played in the scheme. U.S. Fidelity v. Burris, 240 So.2d 408, 409 (La.App. 2 Cir. 1970).
In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), the Supreme Court established the analysis to be used in determining whether an accident arose out of the "use" of an automobile. The court noted that the "use" provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. Thus, the courts are required to answer two separate questions:
(1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
In order for the conduct to arise out of the use of the vehicle, the automobile must be essential to the theory of liability. The specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the automobile. W.S. McKenzie and H.A. Johnson, Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, § 65 (1986).
According to deposition testimony of the two Reichert employees present at the site of the accident, the Ford F-350 truck insured by State Farm was primarily used to transport employees and equipment to the work site. Both employees stated that on the day of the accident, they used a cutting torch to cut the steel frame of the window they were installing. The cutting torch is powered by oxygen and acetylene tanks which were loaded onto the bed of the Ford F-350 truck owned by Reichert. The testimony established that the torch is connected to the tanks by way of a hose measuring approximately 100 feet. The tanks are portable and were not permanently attached or connected to the truck; rather, they were held in place with a piece of angle iron. Although the tanks remained on the truck for a period of 5-6 months prior to this incident, this was for convenience purposes and the location of the tanks on the truck was not necessary for the operation of the cutting torch. The Reichert employees stated that the tanks *203 could have been moved to the ground and kept a safe distance from the flame of the torch.
The record establishes that the torch and the tanks were not components of the insured's vehicle. The truck was not operating or in locomotion at the time of the accident, nor was it being used as a power source for the equipment. Its sole purpose at the time of the accident was to serve as a holding place for the oxygen and acetylene tanks. As such, the truck was performing a function completely independent of a locomotion role, and the truck was not essential to the theory of liability against defendant. The facts of this case are therefore distinguishable from the case relied upon by appellant, Green v. DeFelice, 466 So.2d 1373 (La.App. 3 Cir.1985), where the plaintiff was actually manipulating the insulating equipment on the truck at the time of the accident.
The duty breached by the Reichert employees in this case did not flow from the use of the insured vehicle; rather, the duty existed independent of the vehicle. Even under a broad interpretation of the word "use," the breach of the duty in this case did not arise out of the placement of these tanks on the bed of the truck. Under the circumstances of this particular case, we conclude that the accident herein was not caused by "use" of the vehicle insured by State Farm, and coverage under the State Farm policy is specifically excluded.

CONCLUSION
Our review of the terms of the two subject policies convinces us that the trial judge correctly determined that any liability of Reichert would not be covered by the automobile policy issued by State Farm. Under these facts, coverage is provided by the CGL policy of Clarendon to the exclusion of the automobile policy issued by State Farm.
For the above reasons, the judgment of the trial court is affirmed. Appellant, Terminix Services, Inc., is to bear all costs of this appeal.
AFFIRMED.