945 So.2d 734 (2006)
Quennin URSIN
v.
Preston WEBB, Gwaltney Bear Swamp Trucking, Inc., and ABC Insurance Company.
No. 06-CA-280.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
Steven M. Lozes, Lozes and Ponder, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
James M. Dill, Attorney at Law, Lafayette, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and MARION F. EDWARDS.
*735 MARION F. EDWARDS, Judge.
Defendant, Gwaltney Smith of Smithfield, Ltd., a Division of Smithfield, Inc., appeals from a summary judgment granted in favor of third-party defendant, Lancer Insurance Company ("Lancer"), on the issue of whether an insurance policy underwritten by Lancer provided coverage to defendant, Preston Webb, for acts giving rise to the instant suit. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY
On March 18, 2004, plaintiff, Quennin Ursin ("Ursin"), filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Preston Webb ("Webb"), Gwaltney Smith of Smithfield, Ltd. ("Gwaltney"), Bear Swamp Trucking Inc., and ABC Insurance Company, alleging that defendants were jointly liable for injuries that he sustained while working at a loading dock in Jefferson, Louisiana on March 18, 2003.
On the date alleged in the petition, Webb was the driver of a truck that delivered deli meat products from Gwaltney's plant to the Winn-Dixie warehouse located in the Elmwood Industrial Park. Ursin worked at the Winn-Dixie warehouse as a "lumper," a position which entails unloading freight. Ursin claims that he was in the process of unloading a truck in bay 49, when Webb mistakenly pushed the button to close that door instead of the door to bay 48, where his own truck was parked. Ursin claims that the door to bay 49 struck him on the back, thereby causing him injury.
On October 18, 2004, Gwaltney filed third-party demands against Webb and Lancer, alleging that Webb was an independent contractor and that Lancer issued a liability insurance policy on Webb that was in effect at the time of Ursin's alleged injuries.
On February 28, 2005, Lancer filed a Motion for Summary Judgment, which asserted that its liability policy on Webb did not provide coverage, as Webb's alleged actions in closing the wrong door did not "arise out of the ownership, maintenance or use of an automobile." The trial court heard Lancer's Motion for Summary Judgment on April 29, 2005, at which time the court orally granted Lancer's motion.
Gwaltney timely filed the present appeal.

LAW AND ANALYSIS
On appeal, Gwaltney raises two assignments of error: (1) The trial court erred in failing to find that the trucking liability policy of Lancer issued to Webb provided coverage for Webb's activities for the entire time his tractor trailer was being unloaded, including the time when he left the loading bay where his vehicle was parked in order to have the bill of lading executed by the cosignee, and (2) The trial court acted prematurely in the ruling of Lancer's Motion for Summary Judgment without reviewing the deposition testimony of Ursin and Webb taken several days prior to oral argument on the Motion for Summary Judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether *736 there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[5]
Gwaltney's first assignment of error requires us to make a determination of whether the alleged accident at issue is a direct result of Webb's use of his vehicle, thereby triggering coverage under Lancer's policy. In the case of Terminix Serv., Inc. v. State Farm Mut. Auto. Ins. Co.,[6] cited by appellee, this Court recounted in detail the considerations to be made when making such a determination.
The meaning of the term "use" in vehicle liability insurance policies has been the subject of much litigation. It is well established that one need not be actually operating or driving a vehicle in order to be using it. Baudin v. Traders and General Insurance Company, 201 So.2d 379 (La.App. 3rd Cir.1967), writ denied, 251 La. 224, 203 So.2d 557 (La. 1967); Tolleson v. State Farm Fire and Cas. Co., 449 So.2d 105 (La.App. 1st Cir. 1984), writ denied, 450 So.2d 968 (La. 1984).
Further, the jurisprudence of Louisiana has given a broad interpretation to the words "arising out of the . . . use of the automobile." The totality of the circumstances surrounding or leading up to an accident should be examined in determining if accident arose out of the "use" of the automobile or truck. By looking to what part the automobile played in the entire scheme the courts can determine if there is coverage, and if so, how far it will be extended. Each case must depend on its facts according to the part the automobile played in the scheme. U.S. Fidelity v. Burris, 240 So.2d 408, 409 (La.App. 2 Cir.1970).
In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), the Supreme Court established the analysis to be used in determining whether an accident arose out of the "use" of an automobile. The court noted that the "use" provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. Thus, the courts are required to answer two separate questions:
(1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
In order for the conduct to arise out of the use of the vehicle, the automobile must be essential to the theory of liability. The specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by *737 the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the automobile. W.S. McKenzie and H.A. Johnson, Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, § 65 (1986).[7]
In applying the test found in Carter v. City Parish Gov't of East Baton Rouge[8] to the present facts, we begin our analysis with a review of the allegations against Webb found in Ursin's petition:
II.
Defendant, Preston Webb, was the driver of a Gwaltney truck that was being unloaded in door number forty-eight (48) and was attempting to close door number forty-eight when he pressed the wrong button and actually closed door number forty-nine (49) where your petitioner was working causing the subject accident, damages and injuries complained of herein.
III.
The above accident and all damages resulting therefrom were caused by no fault by your petitioner but were caused by the negligence and/or fault of the defendants, Preston Webb, Gwaltney and/or Bear Swamp Trucking, Inc., which negligent and/or fault includes but it is not limited to the following:
PRESTON WEBB
1) Failure to press the right button and close the correct door:
2) Failure to check to make sure that the area was clear prior to closing the subject door;
3) Failure to see what he should have seen;
4) Failure to keep a good and proper look out;
5) Failing to warn your petitioner that he was closing the subject door;
6) Failure to follow Winn Dixie's procedure regarding the closing of door at the warehouse;
7) Failure to exercise reasonable care under the circumstances;
8) Any and all other acts of negligence to be proven at the trial of this matter[.]
After reviewing the record, we first find that the legal cause of Ursin's injuries, as alleged by the plaintiff, was Webb's act of negligence in pushing the wrong button, which in turn lowered a loading bay door onto Ursin. We, therefore, next consider whether the specific duty that Webb breached specifically flowed from use of his automobile.
Gwaltney argues that a reading of the face of the petition itself, combined with a reading of Lancer's insurance policy, should have compelled the trial court to find that coverage existed. Lancer's liability policy on Webb, in relevant part, reads:
B. Exclusions
This insurance does not apply to any of the following:
7. Handling Of Property
"Bodily injury" or "property damage" resulting from the handling of property:
a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

*738 b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".
Gwaltney asserts that the petition indicates that Webb's truck was still being unloaded at the time the accident occurred, which becomes significant because Lancer's policy provides that significant portions of the loading and unloading process are covered by the policy as part of the operation, maintenance, and use of a commercial tractor-trailer. Gwaltney further asserts that "[w]ithout the tractor-trailer being present, Mr. Webb would not have been standing on the loading dock and would not have been pressing a button to close the loading bay door."
Conversely, Lancer argues that Ursin's injury did not arise out of the use of Webb's vehicle but, rather, from a breach of Webb's duty to refrain from negligently injuring another, which exists independent of the use of his vehicle. In support of its argument, Lancer cites to LSA-C.C. art. 2315 which, in relevant part, reads: "A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Lancer further relies on LSA-C.C. art. 2316, which provides, "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
As previously noted, if the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the automobile. In making this determination, the Louisiana Supreme Court directs that a court should apply a common sense approach to determine whether the duty breached by the insured flows from the automobile's "use" under the policy language.[9]
After a de novo review of the record in this case, we find that the unrefuted allegation in Ursin's petition is that the truck in question was still being unloaded at the time of Ursin's injury and, therefore, the specific duty that Webb breached specifically flowed from use of his automobile. This, coupled with the language contained in exclusion seven of the policy at issue, leads us to the conclusion that the trial court erred in granting summary judgment.
Based on this finding we will pretermit discussion of appellant's remaining assignment of error.
For the foregoing reasons, the judgment of the trial court is reversed. Each party is to bear its own costs of the appeal.

REVERSED
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5 Cir. 5/28/96), 675 So.2d 1191, writ denied, 96-1598 (La. 9/27/96), 679 So.2d 1348 (citing Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180).
[2] Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.
[6] 01-720 (La.App. 5 Cir. 11/27/01), 803 So.2d 198.
[7] Terminix v. State Farm, 803 So.2d at 202
[8] 423 So.2d 1080 (La. 1982)
[9] Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968).