JUDE G. GRAVOIS, Judge.
 

 | ¡¿Defendant, Colony Insurance Company (Colony), commercial general liability (CGL) insurer for defendant, A-l Mobile Shredding, L.L.C. (A-l), appeals the trial court’s grant of plaintiffs motion for partial summary judgment, which found that Colony’s CGL policy provided coverage for plaintiff Beatrice A. Muller’s injuries. We also consider here Colony’s writ No. 09-C-818, which involves the denial of Colony’s cross motion for summary judgment, which sought a ruling that its policy’s automobile exclusion applied, precluding coverage for Mrs. Muller’s injuries.
 
 [1]
 

 For the following reasons, we affirm the trial court’s judgment on appeal. Likewise, we deny the relief sought in Colony’s writ application.
 

 UFACTS AND PROCEDURAL HISTORY
 

 Mrs. Muller contracted with A-l to shred the papers of her late husband. A-l’s business was conducted in the back of a converted box truck, which traveled to its
 
 *287
 
 customers’ locations and then parked there while conducting its shredding activities. The shredding equipment was located inside of the box on the back of the truck and was bolted to the body of the truck. All shredding was conducted inside of the box. The shredding equipment was powered by a generator, not the truck’s engine. The operation of the shredding equipment required that the box be ventilated, which was accomplished through a large exhaust fan that also required that a side door on the box remain open during shredding operations.
 

 A-l came to Mrs. Muller’s home on April 8, 2008. The truck parked in front of her house with the engine turned off, the usual practice. A-l’s two employees went onto Mrs. Muller’s property and retrieved boxes of papers to be shredded and moved them to the truck. The day was windy. The side door on the box that was required to be open for ventilation purposes during shredding operations was secured open by a strap connecting the door latch and the side mirror mount on the truck. Mrs. Muller, who was 72 years old, was injured as she approached the truck with an additional box of papers to be shredded. Possibly because of the wind, the stop holding the side door open became loose or disconnected, allowing the door to swing free and into Mrs. Muller, knocking her to the ground next to the truck. She fractured her hip, which required surgery and physical therapy. This suit followed.
 

 Plaintiff filed a motion for partial summary judgment, seeking a declaration that coverage for the incident in question was provided by the Colony CGL policy. Colony filed a cross motion for summary judgment, seeking a declaration that coverage was excluded under its policy by virtue of the automobile exclusion | contained therein. The motions were heard together on September 14, 2009. The trial court ruled from the bench in favor of Mrs. Muller, finding coverage under the Colony CGL policy under the “unique facts” of the case. The trial court, in a separate judgment, denied Colony’s cross motion for summary judgment. Colony’s timely appeal and writ application followed.
 

 APPLICABLE LAW
 
 — SUMMARY
 
 JUDGMENT AND INTERPRETATION OF INSURANCE POLICIES
 

 An appellate court reviews a district court’s decision to grant a motion for summary judgment
 
 de novo,
 
 using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.7/5/94), 639 So.2d 730, 750. Summary judgment shall be rendered if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). A summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or damages. See LSA-C.C.P. art. 966(E).
 

 When the issue before the court on the motion for summary judgment is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing there is no genuine issue of material fact remains with the party bringing the motion. See LSA-C.C.P. art. 966(C)(2);
 
 Buck’s Run Enterprises, Inc. v. Mapp Const., Inc.,
 
 99-3054 (La.App. 1 Cir. 2/16/01), 808 So.2d 428, 431. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some exclusion applies to preclude coverage. See
 
 Smith v. Reliance Ins. Co. of Illinois,
 
 01-888 (La.App. 5 Cir. 1/15/02), 807 So.2d 1010.
 

 15An insurance policy is a contract between the parties and should be
 
 *288
 
 construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code.
 
 Reynolds v. Select Properties, Ltd.,
 
 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Words and phrases used in a policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. See LSA-C.C. art. 2047. Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. See LSA-C.C. art. 2046.
 

 The purpose of liability insurance is to afford the insured protection for damage claims. Policies therefore should be construed to effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer’s obligation is strictly construed against the insurer, and if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied.
 
 Reynolds,
 
 634 So.2d at 1183. However, subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy.
 
 Id.
 
 The rule of strict construction does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists.
 
 Doiron v. Louisiana Farm Bureau Mut. Ins. Co.,
 
 98-2818 (La.App. 1st Cir.2/18/00), 753 So.2d 357, 363.
 

 ANALYSIS
 

 On appeal, Colony argues that the trial court did not correctly apply Louisiana law regarding the construction of insurance policies; and specifically, that Mrs. Muller’s motion for summary judgment was premised entirely upon Endorsement U159-0702 to the Colony policy. Colony argues that the trial court’s | (jUiisinterpretation of this endorsement had the effect of rendering inoperative the automobile exclusion included in A-l’s GCL policy.
 

 Section I(l)(b) of Colony’s General Liability Coverage policy provides:
 

 b. This insurance applies to “bodily injury” and “property damage” only if:
 

 (1) The “bodily injury” or “property damage” is caused by an “occurrence” that takes place in the “coverage territory”;
 

 (2) The “bodily injury” or “property damage” occurs during the policy period; and
 

 (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no “employee” authorized by you to give or receive notice of an “occurrence” or claim, knew that the “bodily injury” or “property damage” had occurred, in whole or in part. If such a listed insured or authorized “employee” knew, prior to the policy period, that the “bodily injury” or “property damage” occurred, then any continuation, change or resumption of such “bodily injury” or “property damage” during or after the policy period will be deemed to have been known prior to the policy period.
 

 Endorsement U159-0702 of Colony’s GLC policy, at issue here, provides:
 

 LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION
 

 This endorsement modifies insurance provided under the following:
 

 
 *289
 
 COMMERCIAL GENERAL LIABILITY COVERAGE PART
 

 SCHEDULE
 

 BUSINESS DESCRIPTION: PAPER SHREDDING AND RECYCLING
 

 A. SECTION I — COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b. is amended and the following added:
 

 (4) The “bodily injury” or “property damage” is caused by or results from the business described in the Schedule.
 

 B. SECTION I — COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1. Insuring Agreement, b. is amended and the following added:
 

 This insurance applies to “personal and advertising injury” caused by an offense in the course of the business described in the Schedule.
 

 ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.
 

 In light of the above-quoted policy provisions, Endorsement U159-0702 adds a fourth condition to the three coverage prerequisites set out in Section I(l)(b) of the policy’s Commercial General Liability Coverage Form, that the “bodily injury” or | ./‘property damage” be caused by or result from the “PAPER SHREDDING AND RECYCLING” business described in Endorsement U159-0702’s Schedule.
 

 Colony argues that the trial court’s misinterpretation of this endorsement somehow reads out or renders inoperative the following “auto” exclusion in its policy:
 

 2. Exclusions
 

 This insurance does not apply to:
 

 g. Aircraft, Auto or Watercraft
 

 “Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and “loading or unloading”. This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the “occurrence” which caused the “bodily injury” or “property damage” included the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft that is owned or operated by or rented or loaned to any insured.
 

 “Auto” is defined in Colony’s GLC policy as follows:
 

 SECTION V — DEFINITIONS
 

 * * *
 

 2. “Auto” means:
 

 a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
 

 b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.
 

 When the trial court ruled from the bench, it stated:
 

 I find that due to the unique nature of this business and limited to the facts of this case, I am going to find that there is coverage under the business policy— business liability policy, and deny defendant’s motion for summary judgment
 
 *290
 
 and grant plaintiffs motion for summary-judgment. ...
 

 |Jt is clear from the transcript as a whole that the trial court focused not on the endorsement itself but rather on the facts surrounding this accident to determine whether the automobile exclusion applied.
 

 From the record before us, it is clear that all four coverage prerequisites were met, including the additional one found in the Endorsement, that the bodily injury was caused by or results from the business described in the Endorsement’s Schedule, which is paper shredding and recycling. Colony argued, however, that the automobile exclusion applied because the shredding, in this case and always, takes place in their box truck, which meets the definition of automobile under the policy, thereby triggering the “auto” exclusion provisions of its policy.
 

 The trial court asked Colony’s counsel what activity, if any, would be covered under its policy given that the shredding always takes place in A-l’s shredding truck. Counsel answered that the policy would provide coverage, for instance, if A-l’s employees went onto a customer’s property to obtain the documents to be shredded and caused any harm while on or inside the customer’s property. When the trial court opined that there would be no coverage for the actual business that A-l does, shredding in its shredding truck, Colony agreed that there would not be coverage under its policy for any activity inside the truck, since it involved use of an “auto,” which is why A-l purchased a commercial auto policy from another insurer.
 
 [2]
 

 In support of its interpretation of the endorsement adding the fourth condition to coverage, Colony cites
 
 Maradiago v. Castle,
 
 2009 WL 3150160 (E.D.La.9/28/09) (not reported in F.Supp.). In that case, the plaintiffs sought coverage launder a CGL policy that Colony issued to the defendant that contained a very similar endorsement to the policy in this case that was also added to the policy after the adoption of the auto exclusion endorsement. The district court held that the endorsement did not “expand” the policy’s coverage so as to render the automobile exclusion endorsement ineffective or inapplicable. In that case, a tractor trailer operated by defendant insured and driven by its employee collided with a vehicle in which plaintiffs’ decedent was a passenger.
 

 This court agrees that endorsement U159-0702 in the instant policy does not render the auto exclusion ineffective or inapplicable.
 
 Maradiago
 
 is distinguishable from the instant case on the facts, however, in that the plaintiffs’ death in
 
 Maradiago
 
 arose from a vehicular collision as Colony’s insured’s vehicle was being driven and collided with the vehicle in which the plaintiff was riding.
 

 Ryder v. Darby,
 
 09-122 (La.App. 3 Cir. 6/3/09), 11 So.3d 745, which Colony also cites for support, is also distinguishable. In that case, Colony issued a CGL policy to the “Smoker Friendly” store, which sold alcohol and tobacco products. Plaintiff was a passenger in a vehicle driven by another defendant who was underage and had purchased alcohol at Smoker Friendly. The vehicle crashed and plaintiff sustained serious injuries. Colony filed a motion for
 
 *291
 
 summary judgment denying coverage based on the “liquor liability exclusion” contained in the policy. Plaintiff opposed the motion arguing that an amending endorsement expanded the coverage afforded under the policy. Colony argued that the endorsement merely gave a fourth requirement for coverage and that all exclusions were still effective. This is the same argument Colony makes in this case.
 

 In
 
 Ryder,
 
 the business was described in the endorsement as “tobacco products store.” The liquor liability exclusion excluded bodily injury caused by the insured’s furnishing of alcoholic beverages to a person “under the legal Imdrinking age ...” Plaintiffs argued that since the sale of alcoholic beverages fell within Smoker Friendly’s business description, the Colony policy should provide coverage because plaintiff’s injuries arose out of the store’s sale of alcohol. The trial court disagreed and found no coverage, which the court of appeal affirmed. Under plaintiffs’ theory, the court of appeal held, the exclusions listed in the Colony policy after the coverage section would be completely ignored.
 

 The exclusion’s applicability in this case turns on whether the plaintiffs injuries arose “out of the ownership, maintenance, use or entrustment to others of any aircraft, ‘auto’ or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and ‘loading or unloading’.” In the instant case, A-l’s shredding truck was not being used to transport, load or unload persons or cargo for transport. It was parked and the engine was turned off. The shredding machinery was powered by a generator, not the truck’s engine. The employees were in the back of the truck, not the cab, engaged in the shredding of Mrs. Muller’s documents, when the door strap became disengaged causing the door to strike Mrs. Muller. The door was strapped open for the ventilation necessary for the shredding machinery to operate properly, and was never open while the truck was being driven.
 

 We agree with the trial court that under the unique facts of this case and the type of business in which A-l engaged, Mrs. Muller’s injuries did not arise from the use of an auto, or loading or unloading. Her injuries clearly arose from A-l’s business activity described in the policy’s Endorsement Schedule, which was paper shredding and recycling.
 

 This reasoning in this case is similar to this Court’s in
 
 Terminix Services, Inc. v. State Farm,
 
 01-720 (La.App. 5 Cir. 11/27/01), 803 So.2d 198, which interpreted an automobile liability policy and a CGL policy issued to the same |n insured to determine whether coverage was afforded for the plaintiffs injuries under the automobile policy. Terminix filed suit against Reichert Iron Works for fire damages to its building. Terminix had engaged Reic-hert to perform renovation and repairs to its building. The fire was caused by sparks from a cutting torch used by Reic-hert’s employees. Terminix argued that the fire arose out of the use of a vehicle insured by State Farm, since the torch was powered by fuel tanks located on the bed of the insured truck.
 

 The court affirmed the trial court’s denial of coverage under the
 
 auto
 
 policy, holding that “In order for the conduct to arise out of the use of the vehicle, the automobile must be essential to the theory of liability. The specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the automobile,” citing W.S. McKenzie and H.A. Johnson,
 
 *292
 
 Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, § 65 (1986).
 

 The court in
 
 Terminix
 
 further noted that “Louisiana courts have held that when automobiles covered under automobile liability policies are not being used for locomotion or transport purposes, but rather for purposes usually associated with the type of risks normally covered by a CGL policy, the CGL policy will provide coverage.” (cite omitted)
 
 [3]
 

 We accordingly find no merit to Colony’s argument that the trial court applied the endorsement to render the automobile exclusion ineffective. We agree with the trial court that under the unique facts of this case, Colony’s CGL policy provides coverage to Mrs. Muller because her injuries clearly arose out of A-l’s | ^shredding business and not from the use of an automobile as described in the policy’s automobile exclusion or as interpreted by other courts of this state.
 

 CONCLUSION
 

 For the reasons set forth above, we affirm the trial court’s grant of plaintiffs motion for partial summary judgment. Likewise, for these same reasons, we deny Colony’s writ application no. 09-C-818.
 

 AFFIRMED.
 

 [1]
 

 . The two judgments were rendered on the same day following one hearing for both motions. Colony filed a writ application, no. 09-C-818, seeking review of the trial court’s denial of its cross motion for summary judgment. After Colony's appeal from the judgment granting of Muller’s motion for partial summary judgment was lodged, by order of this court the writ application was referred to the panel assigned to hear the appeal. The two matters were not consolidated, however.
 

 [2]
 

 . According to the briefs and record, A-l purchased a business automobile liability policy from Gemini Insurance Company. Mrs. Muller sued Gemini in addition to Colony, and apparently settled with Gemini. Colony filed a motion to strike in this court, objecting to Muller’s discussion of this settlement in her brief. Whether or not plaintiff settled with Gemini and with what terms is entirely irrelevant to this court’s determination whether coverage is afforded under the Colony policy.
 

 [3]
 

 . The
 
 Terminix
 
 court did find that the two policies at issue, the CGL policy and the auto policy, were structured to be mutually exclusive. We make no such determination here, not having the Gemini policy before us, as the
 
 Terminix
 
 court had both the CGL and the auto policies.