# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-928

**CORRINA MAE BRUNO**

**VERSUS**

**RICHARD DAVIS, ET AL.**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 72,654
HONORABLE PAUL J. DEMAHY, PRESIDING
**********

## SYLVIA R. COOKS
### JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

Steven Diebold
Champagne & Brumbaugh, PLC
P.O. Box 3764
Lafayette, LA 70502
(337) 233-4414
COUNSEL FOR PLAINTIFF/APPELLANT:
    Corrina Mae Bruno

Bridget R. Broussard
John Ortego & Associates
P.O. Box 81428
Lafayette, LA 70598-1428
(337) 988-7240
COUNSEL FOR DEFENDANT-APPELLEE:
    State Farm Mutual Automobile Insurance Company

**Jamie M. Bankston**
**Law Office of John W. Norwood, III**
**400 South Sherwood Forest Blvd., Suite 403**
**Baton Rouge, LA 70816**
**(225) 368-1494**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Richard Davis**

**COOKS, Judge.**

The Plaintiff, Corrina Mae Bruno, appeals the trial court's grant of summary judgment in favor of State Farm. For the following reasons, we reverse the granting of summary judgment and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On October 31, 2006, while operating his vehicle, Richard Davis lost control and collided with several cars parked at Plaintiff's residence. One of the vehicles hit by Davis then struck Plaintiff's house. Plaintiff was lying in bed at the time of the accident, and immediately upon hearing the sound of the crash, Plaintiff jumped from her bed and fell to the floor. As a result she suffered injuries to her back and elbow.

Plaintiff filed suit for damages against Davis and his insurer GEICO. Davis and GEICO were dismissed from the lawsuit after paying the policy limits of $10,000.00. Prior to the dismissal of GEICO and Davis, a supplemental petition was filed naming State Farm, Plaintiff's UM carrier, as a defendant.

State Farm filed a motion for summary judgment arguing Plaintiff's injuries did not arise out of the use of Davis' vehicle. Thus, it was argued no UM coverage was available for Plaintiff under her State Farm policy. Following a hearing on the motion for summary judgment, the trial court rendered judgment in favor of State Farm dismissing Plaintiff's claims with prejudice. Specifically, the trial court held the "connection between the accident and Ms. Bruno's subsequent injuries were too remote to have arisen out of the use of the uninsured vehicle. Therefore, the use of the uninsured vehicle cannot be considered the legal cause of the plaintiff's injuries." This appeal followed.

ANALYSIS

Plaintiff argues the trial court erred in the analysis it used in determining whether her injuries arose out of the use of the vehicle. Plaintiff asserts the Louisiana Supreme Court's decision in *Carter v. City Parish Government of East Baton Rouge*, 423 So.2d 1080 (La.1982), sets forth the test for determining "use" of an automobile. The court in *Ursin v. Webb*, 06-280, p. 5 (La.App. 5 Cir. 9/26/06), 945 So.2d 734, 736-37, *writ denied*, 06-2580 (La. 1/12/07), 948 So.2d 152, discussed *Carter* as follows:

> In [*Carter*], the Supreme Court established the analysis to be used in determining whether an accident arose out of the "use" of an automobile. The court noted the "use" provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. Thus, the courts are required to answer two separate questions:
>
> (1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
>
> (2) Was it a use of the automobile?
>
> In order for the conduct to arise out of the use of the vehicle, the automobile must be essential to the theory of liability. The specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the automobile. W.S. McKenzie and H.A. Johnson, Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, § 65 (1986).

In *Carter*, a motorist, who was accompanied by a child, ignored placed barricades, and negligently drove into an underpass that had been flooded by rainwater. Both the motorist and the child drowned. The motorist's automobile liability insurer, which provided coverage only for liability arising from the ownership or use of an automobile, argued that the child was not drowned in the car or its immediate vicinity, but some distance away, and apparently some time after the motorist's initial negligence of driving into the flooded underpass. The Supreme

Court held that the child's drowning was proximately caused by the motorist's initial negligence of driving into the flooded underpass.

## A. Legal Causation.

In deciding the first of the two issues listed above--that is, whether the policy holder's actions were a legal cause of the plaintiff''s damages, the court in *Carter* considered whether the insured person breached a legal duty imposed to protect against the particular risk involved. *Carter*, 423 So.2d at 1084. In so doing, the court applied a lengthy and comprehensive duty/risk analysis. After detailing the policy holder's duty not to circumvent barricades and drive on closed roads, a duty imposed by statutory law, the court found that the risk of the ten-year-old passenger drowning was encompassed by that duty. *Id*. at 1086. In reaching that conclusion, the court noted that the particular risk might have been unforeseeable, but nevertheless found that it was within the ambit of the duty because it was "easily associated with the rule relied upon and with other risks of the same type that are foreseeable and clearly within the ambit of protection." *Id*.

We find the same result is warranted in the present case. Although the exact manner in which Plaintiff came to harm may not have been foreseeable, it was, and is obvious that an elderly person lying quietly in bed might be suddenly confused and disoriented by a vehicle crashing into her house. The particular harm which befell Plaintiff, while unusual, can be reasonably said to be associated with the sudden event caused by the chain of events that resulted from Richard Davis' negligence in operating his vehicle. It is certainly arguable, but for Davis' negligence in operating his vehicle, the injuries suffered by Plaintiff would not have occurred. Therefore, at a minimum, genuine issues of material facts exist as to whether Davis' actions were a legal cause of Plaintiff's injuries.

### B. "Use" of the Automobile.

The *Carter* court easily disposed of the second question in the analysis for determining whether the "arising-out-of-use" provision of the policy covered the plaintiffs' damages in *Carter*--that is, whether the conduct of which the plaintiff complained was a "use" of the automobile. Because the plaintiffs in *Carter* complained about the insured person's driving, the conduct was a use of the automobile, the court held. *Carter*, 423 So.2d at 1087.

Similarly, in the instant case, Plaintiff's complains of Davis' actual operation of the vehicle as the cause of her injuries. It was specifically alleged by Plaintiff, that the sudden event of a car striking her home, which was undisputedly brought about by Davis' actions in negligently operating his vehicle, caused her to suddenly jump from her bed and fall to the ground. Thus, it is clear a genuine issue of material fact exists that Davis' conduct of which Plaintiff complained was a use of the automobile.

### DECREE

For the foregoing reasons, we reverse the trial court judgment granting the motion for summary judgment in favor of State Farm and dismissing State Farm from the suit. This matter is remanded to the trial court for further proceedings consistent with this opinion.

### REVERSED AND REMANDED.

-4-