SANDRA CABRINA JENKINS, Judge.
|,Appellant, Scott Morrow, appeals the judgment of the trial court granting a motion for summary judgment filed by appel-lee, American Empire Surplus Lines Insurance Company (“American Empire”), on the. issue of insurance coverage. For the reasons that follow, we affirm.
*774 BACKGROUND
In July 2012, Mr. Morrow filed this lawsuit seeking damages resulting from bodily injuries he allegedly sustained when defendant Jimmy Roberts, an employee of defendant Wayne’s Vending Service, Inc. (Wayne’s Vending), closed the rear door of a delivery truck while it was being inspected by Mr. Morrow, who was a security guard at an oil refinery in St. Bernard Parish.
In October 2014, American Empire filed a Motion for Summary Judgment on the basis of" an exclusion in its commercial general liability policy (“CGL Policy”) issued to Wayne’s Vending relating to the “use” of an automobile. In February 2015, the trial court granted American Empire’s Motion for Summary Judgment, and dismissed Mr. Morrow’s claims against it, with prejudice.
|DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Orleans Parish Sch. Bd. v. Lexington Ins. Co., 12-1686, p. 8 (La.App. 4 Cir. 6/5/13), 118 So.3d 1203, 1211. An insurer moving for summary judgment on an exclusionary provision within a policy bears the burden of proving the applicability of that exclusion. Widder v. Louisiana Citizens Prop. Ins. Corp., 11-0196, p. 4 (La.App. 4 Cir. 8/10/11), 82 So.3d 294, 296. Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Ledbetter v. Concord Gen. Hosp., 95-0809, p. 4 (La.1/6/96), 665 So.2d 1166, 1169.
The material facts are not in dispute. On or about August 3, 2011, a delivery truck being driven by Mr. Roberts, who was an employee of Wayne’s Vending, which also owned the truck, stopped at a guardhouse at the entrance/exit of the Murphy Oil Refinery in St. Bernard Parish, where Mr. Morrow worked as a security guard. The truck stopped at the gate to allow Mr. Morrow to inspect the inside of the truck. The truck engine was running. While Mr. Morrow was inspecting the cargo compartment of the truck, Mr. Roberts closed the rear roll-down door, striking Mr. Morrow on the head and/or neck.
In May 2011, Wayne’s Vending had purchased the CGL Policy from American Empire which covered those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury[1] or ‘property damage’ to which this insurance applies. Coverage under the CGL Policy was excluded, however, for bodily injury “arising out of the ownership, maintenance, use or Rentrustment to others of any ... ‘auto’ ... owned or operated by ... any insured. Use includes operation and ‘loading or unloading.’” The CGL Policy described the business activity of Wayne’s Vending as “food sales and service.”
The legal issue presented here is straightforward: Whether, as a matter of law, the auto exclusion applies to bodily injuries allegedly caused while a delivery truck is briefly stopped for the purpose of allowing an inspection of its contents.
Mr. Morrow contends that the truck was not in “use” at the time of the accident because the truck was not actually in motion, or in the process of being operated, loaded or unloaded. Mr. Morrow relies on Muller v. A-1 Mobile Shredding, L.L.C., 09-0869 (La.App. 5 Cir. 2/9/10), 33 So.3d 285.
In Muller, the appeals court analyzed an auto exclusion very similar to that in the CGL Policy. In Muller, the defendant, a mobile paper shredding company, used a *775 converted box truck as its base of operations. Muller, 09-0869 at p. 3, 33 So.3d at 286. The shredding equipment was bolted inside the box of the truck, and was powered by a generator, not the truck’s engine. Id. at p. 3, 33 So.3d at 287. During the shredding operations, the truck’s engine was turned off, and the box’s side door was held open with a strap to assist in ventilation. Id. The employees were in the back of the truck, not the cab, engaged in the shredding of documents. Id. at p. 10, 33 So.3d at 291. While the company’s employees were shredding the documents, the side door was blown loose by the wind and struck a customer, injuring her. Id. at p. 3, 33 So.3d at 287.
In Muller, the Louisiana Fifth Circuit affirmed the trial court’s denial of the CGL insurer’s motion for summary judgment, finding that the auto exclusion did not apply because, at the time of the plaintiffs alleged injury, the shredding truck was not being used to transport, or to load or unload persons or cargo for transport. Id. at 10, 33 So.3d at 291. According to the court, the CGL policy provided coverage because the plaintiffs injuries arose from the business activity described in the pokey’s endorsement schedule, which was paper shredding and recycling. Id.
As in Muller, this Circuit has recognized that when automobiles covered under automobile liability policies are not being used for ordinary locomotion or transport purposes — functions typically associated with autos — but rather for purposes usually associated with the type of business activity risks normally covered by a commercial general liability policy, the CGL policy will provide coverage.[1] See Calvin v. Janbar Enters., 03-0382, p. 4 (La.App. 4 Cir. 9/24/03), 856 So.2d 88, 90. See, e.g., Terminix Servs., Inc. v. State Farm Mut. Auto. Ins. Co., 01-0720 (La.App. 5 Cir. 11/27/01), 803 So.2d 198 (CGL auto exclusion did not apply where truck primarily used to transport employees and equipment was being used to hold oxygen and acetylene tanks which fueled a cutting torch); Lucas v. Deville, 385 So.2d 804 (La.App. 3d Cir.1979) (CGL exclusion did not apply where gin-pole truck being used in an off-road stationary position to turn over a large cement hopper departed from its transportation or locomotion role, and was performing functions independent of that purpose); Russo v. Veran, Inc., 488 So.2d 372 (La.App. 3d Cir.1986) (CGL exclusion did not apply where gin-pole truck was being used as a lifting device, with its gears in a mode so that locomotion was impossible). Cf. Williams v. Galliano, 601 So.2d 769 (La.App. 1st Cir.1992) (CGL exclusion applied where garbage truck equipped with a winch and boom was being used to transport garbage containers to and from dump sites, and was not being used as a crane).
Here, at the time of Mr. Morrow’s alleged injury, the delivery truck was being used solely for transportation, and locomotion purposes. The truck’s engine was still running, and Mr. Roberts only stopped the truck briefly so that he could open the cargo compartment to allow Mr. Morrow to inspect the contents. Mr. Morrow’s alleged injuries did not arise out of Wayne’s Vending’s food sales and service business, as described in the CGL Policy, but out of the ordinary use of an auto, as set forth in the policy’s exclusion provision.
Accordingly, we find that Mr. Morrow’s alleged bodily injury arose out of the “use” *776 of the delivery truck such that the auto exclusion bars coverage. .
CONCLUSION
For these reasons, we affirm the trial court’s judgment granting American Empire’s Motion for Summary Judgment and dismissing Mr. Morrow’s claims against it, with prejudice.
AFFIRMED

. Mr. Morrow also sued Wayne’s Vending’s automobile liability insurer, State Farm Mutual Automobile Insurance Company.