# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 04-1562


**BRENDA DIANNE MORGAN**

**VERSUS**

**AUTO CLUB FAMILY INSURANCE COMPANY**


\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,703
HONORABLE B. DEXTER RYLAND, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders, and Glen B. Gremillion, Judges.


**AFFIRMED.**

V. Ross Cicardo
John R. Flynn
P.O. Box 11635
Alexandria, Louisiana 71315
(318) 487-4562
COUNSEL FOR APPELLANT:
    Brenda Dianne Morgan

Michael T. Johnson
Johnson & Siebeneicher, Inc.
A Professional Law Corporation
P.O. Box 648
Alexandria, Louisiana 71309
(318) 484-3911
COUNSEL FOR APPELLEE:
    Auto Club Family Insurance Company

**COOKS, Judge.**

## STATEMENT OF THE FACTS

Brenda Dianne Morgan had a new metal roof installed on her home in June 2000. In December 2000, she noticed mold damage in her attic. She notified her homeowner's insurance carrier, Auto Club Family Insurance Company (Auto Club). Auto Club sent an investigator to inspect the damage. In a March 24, 2003 report, the investigator concluded the mold growth was the result of a lack of attic ventilation in the home. The ventilation was apparently compromised when the metal roof was installed. Auto Club denied coverage alleging the mold damage was the result of faulty workmanship in the installation of the roof and the Auto Club policy excludes coverage for faulty workmanship. Additionally, Auto Club contends its policy specifically excludes coverage for damage to property caused by mold.

Ms. Morgan sued Auto Club in September 2003 for recovery of damages and penalties and attorney fees due to the alleged arbitrary and capricious failure of Auto Club to cover the damage. Auto Club filed a motion for summary judgment on the issue of coverage. On August 17, 2004, the trial court granted Auto Club's motion for summary judgment and dismissed Ms. Morgan's claim. This appeal followed. For the reasons assigned below, we affirm the decision of the trial court.

## LAW AND DISCUSSION

Ms. Morgan contends she suffered two distinct losses: (1) the cost to repair the faulty workmanship or repair which she admits is not covered under the policy, and (2) the damage to her home when the humid air and lack of ventilation caused condensation accumulation. She contends damage from condensation accumulation is not excluded from coverage under the policy. The Auto Club policy provides in relevant part:

2

**SECTION I - PROPERTY COVERAGES**

**COVERAGE A** - Dwelling
We cover:

1. The dwelling on the residence premises shown in the Declarations, where you reside on a continuous day-to-day basis, including structures attached to the dwelling; and

2. Materials and supplies located on or next to the residence premises used to construct, alter or repair the dwelling or other structures on the residence premises.

**SECTION 1 - PERILS INSURED AGAINST**

**COVERAGE A - DWELLING and**
**COVERAGE B - OTHER STRUCTURES**

We insure against risk of loss to property described in Coverage A . . . only if that loss is a physical loss to property. *We do not, however, insure for loss:*
. . .
*2) Caused by:*
    . . .
       e. Any of the following:
       . . .
       (3) Smog, rust or other corrosion, *mold, wet or dry rot*;
. . .

SECTION I -EXCLUSIONS

2. *We do not insure for loss to property described in Coverages A and B caused by any of the following.* However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

c. *Faulty, inadequate or defective*:
    . . .
       (2) Design, specifications, *workmanship*, repair, construction, renovation, remodeling, grading, compaction;
       . . .
Of part or all of any property whether on or off the residence premises.

Ms. Morgan contends the exclusionary language in the policy is ambiguous. Specifically, she asserts the language in Section I (2) which provides "any ensuring loss to property described in Coverages A and B not excluded or excepted in this policy is covered." Ms. Morgan submits the accumulation of condensation is the

"ensuing loss" which is not excepted or excluded in the policy. In support of her position, Ms. Morgan relies on *Dawson Farms, L.L.C. v. Millers Mutual Fire Ins. Co.,* 34,801 (La.App. 2 Cir. 8/1/01), 794 So.2d 94, *writ denied*, 01-2477 (La. 12/7/01), 803 So.2d 34; *writ denied*, 01-2497 (La. 12/7/01), 803 So.2d 37. Dawson Farms grew and sold sweet potatoes. In order to remain competitive, Dawson Farms built a refrigerated storage facility. Condensation accumulated due to a faulty moisture barrier and destroyed the stored crop. Dawson Farms attempted to minimize their loss and then filed a claim under their policy with Millers Mutual Fire Insurance Company. Millers Mutual denied coverage asserting the policy only covered water damage "directly resulting from the breaking or cracking of a water or steam system and not water damage from condensation. Alternatively, Millers Mutual argues that the policy expressly excludes losses arising out of defects in design, specifications, workmanship and construction." *Id.* at 951. The court found the policy in question was an Agribusiness Special Perils "All Risk" Policy which covers all risks unless clearly and specifically excluded. While damage to the structure caused by faulty workmanship was specifically excluded under the policy, loss of the sweet potato crop from the accumulation of condensation was a loss insured under the policy. The court stated: "Under Millers Mutual's all risk policy, the accumulation of condensation that eventually rained on the sweet potatoes is a peril insured." *Id.* at 952. The court concluded "the policy does not clearly exclude coverage for the second accident, i.e., the losses associated with the damage to the contents of the building resulting from the accumulation of condensation that fell on the stored potatoes." *Id.* at 952-53.

In *Dawson Farms*, the policy was an agribusiness policy covering crop loss. The loss of the sweet potato crop from the accumulation of condensation was a peril insured under the policy even though the condensation resulted from faulty

workmanship. In the present case, loss of property caused by mold is specifically excluded from coverage under the policy even though the mold damage may have resulted from lack of ventilation in the attic. The accumulation of condensation is not a peril insured under the policy. Accordingly, we find no error in the decision of the trial court granting summary judgment in favor of Auto Club.

## DECREE

Based on the foregoing review of the record, the decision of the trial court granting summary judgment in favor of Auto Club Family Insurance Company is affirmed. All costs of this appeal are assessed to Brenda Dianne Morgan.

**AFFIRMED.**