CLARENCE E. McMANUS, Judge.
 

 |sThis is an appeal by plaintiffs from the trial court’s granting of summary judgment in favor of defendant, Louisiana Citizens Property Insurance Company. For the reasons which follow, we affirm the trial court’s judgment.
 

 STATEMENT OF THE CASE
 

 In 2006, C. Adams Construction & Design, LLC renovated a house at 316 Wood-vine Ave. in Metairie, LA. In January 2007, plaintiffs, Terrence and Rhonda Ross (“the Rosses”), purchased the house from C. Adams Construction & Design and obtained homeowners insurance from Louisiana Citizens Property Insurance Company (“Louisiana Citizens”).
 

 Approximately two years after they purchased the home, the Rosses began having chronic malfunctions in the heating, ventilation, and air conditioning system (“HVAC”). The Rosses then discovered the presence of foreign gypsum drywall, now referred to as “Chinese drywall”, in the house. In March 2009,
 
 *951
 
 the Rosses submitted an insurance claim to Louisiana Citizens for the damages caused by the Chinese drywall. Louisiana Citizens conducted an investigation and confirmed the presence of the Chinese drywall and damage to the metal surfaces caused by corrosion. Thereafter, on April 29, 2009, Louisiana Citizens denied the Rosses’ insurance claim and determined the claim was not covered under their homeowners insurance policy,
 

 |4On May 28, 2009, the Louisiana Department of Health and Hospitals conducted an investigation and inspection of the home and confirmed the presence of dangerous Chinese drywall in the home. On June 23, 2009, the Rosses sent a formal demand to C. Adams Construction giving them an opportunity to repair or correct the defects; however, they failed to do so. The Rosses ultimately made the necessary repairs at their own expense.
 

 On July 30, 2009, the Rosses filed suit against the builder of the home, C. Adams Construction, the builder’s insurer, State Farm Insurance Company, and their own homeowners insurer, Louisiana Citizens. The Rosses claimed the defective Chinese drywall released sulfuric gases that cause corrosion of various metal components, including the HVAC coils, refrigerator units, electrical wiring, plumbing, jewelry, appliances, electronics, and other household items. The Rosses also claimed the defective Chinese drywall had a noxious “rotten egg-like odor.” The Rosses alleged the defective Chinese drywall caused damage to their home, as well as their personal property.
 

 On January 25, 2010, the Rosses filed a motion for partial summary judgment claiming the Louisiana Citizens homeowners insurance policy provided coverage for their claimed losses. On March 19, 2009, Louisiana Citizens filed a cross motion for summary judgment asserting that coverage for the claimed losses was barred by four different exclusions in the homeowners policy: 1) loss caused by faulty materials, 2) loss caused by latent defect, 3) loss caused by corrosion, and 4) loss caused by pollution. Louisiana Citizens also argued there is no coverage for the cost of removing and replacing the drywall itself because it did not sustain a “direct physical loss.” Further, Louisiana Citizens asserted the claim for damage to personal property is not covered because personal property is covered only for 1.dosses caused by sixteen specific perils listed in the policy and none apply in this situation.
 

 A hearing on the motions for summary judgment was held on April 5, 2010. The trial court issued a judgment April 14, 2010 denying the Rosses’ motion for partial summary judgment and granting Louisiana Citizens’ cross motion for summary judgment. The trial court also issued an order on May 20, 2010, clarifying the ruling was a final judgment, dismissing the Rosses’ claims against Louisiana Citizens. The Rosses now appeal this judgment. For the reasons which follow, we affirm the trial court’s judgment.
 

 DISCUSSION
 

 This is an appeal from the granting of a motion for summary judgment. A motion for summary judgment should be granted when there exists no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966;
 
 Brewster v. Hunter,
 
 09-932, p. 3 (La.App. 5 Cir. 3/9/10), 38 So.3d 912, 914,
 
 writ denied,
 
 2010-0773 (La.6/4/10), 38 So.3d 305. Appellate courts review summary judgments de novo using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate.
 
 Id.
 
 Whether an insurance policy provides or
 
 *952
 
 precludes coverage, as a matter of law, can be resolved within the framework of a motion for summary judgment.
 
 Id.
 

 The material facts of this case are undisputed. The Rosses home contained Chinese drywall which emitted sulfuric gases that caused corrosion of the electrical wiring, plumbing components, and other household items. Our review of the granting of the summary judgment on appeal requires an interpretation of the homeowners insurance policy and a determination of the applicability and enforceability of the policy provisions pursuant to Louisiana law.
 

 | ^Louisiana Citizens, in its motion for summary judgment, argued the Rosses’ claims are not covered under their homeowners insurance policy due for several reasons. First, Louisiana Citizens claimed the Rosses had sustained no direct physical loss. Louisiana Citizens further argued four exclusions to coverage applied. First, the policy provides an exclusion for losses caused by faulty, inadequate or defective materials. Next, Louisiana Citizens alleged the damages sustained by the Rosses were caused by the defective Chinese drywall, which is a latent defect. Louisiana Citizens also argues the Rosses’ claims are excluded because they are losses caused by corrosion. Louisiana Citizens further alleged the claims are excluded from coverage because the damages were caused by pollution. The trial court granted Louisiana Citizen’s cross motion for summary judgment without reasons.
 

 Direct Physical Loss
 

 The Rosses argue on appeal that their home did sustain a direct physical loss. The homeowners insurance policy provides that Louisiana Citizens insures against risk of direct physical loss to the property. Louisiana Citizens argued in its motion for summary judgment that the house did not suffer a direct physical loss because the drywall was physically intact and functional. However, the inherent qualities of the Chinese drywall did create a physical loss to the home and required that the drywall be removed and replaced. Thus, we find there was a direct physical loss sustained by the Rosses. Therefore, we will address the applicability of the exclusions to coverage asserted by Louisiana Citizens.
 

 Faulty, Inadequate, or Defective Materials
 

 In its motion for summary judgment, Louisiana Citizens contended the Rosses’ homeowners insurance policy contains an exclusion for faulty, inadequate, JjOr defective materials and the Chinese drywall, that is the source of the damages suffered by the Rosses, constitutes faulty, inadequate, or defective materials.
 

 The Rosses’ homeowners insurance policy states:
 

 B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.
 

 [[Image here]]
 

 3. Faulty, inadequate or defective: ...
 

 c. Materials used in repair, construction, renovation or remodeling;... of part or all of any property whether on or off the “residence premises.”
 

 In their original petition, the Rosses claimed that the foreign drywall used in their home was defective and emitted sulfuric and methane gas that caused corrosion of the HVAC coils, plumbing, electrical wiring, and other household items. Louisiana Citizens argued the damages suffered by the Rosses were due to faulty
 
 *953
 
 or defective materials and were, thus, excluded from coverage.
 

 On appeal, the Rosses argue this exclusion to their homeowners insurance policy does not apply because the drywall at issue is not faulty, inadequate or defective. They contend the drywall functions as drywall and serves its intended purpose. The Rosses further argue the drywall was installed prior to their purchase of the home and they did not perform any repair, construction, or renovation of the home related to the drywall. Thus, they argue the exclusion in the homeowners insurance policy for faulty, inadequate or defective materials does not apply.
 

 Louisiana Citizens argues the damages sustained by the Rosses was directly caused by drywall that released sulfuric gas that caused corrosion of plumbing, electrical wiring and other metal components and has specifically been referred to by the Rosses as “defective”. Therefore, Louisiana Citizens contends this drywall is faulty, inadequate, or defective materials and is excluded by the homeowners insurance policy.
 

 |sWe agree with Louisiana Citizens and find that using the plain meaning of “faulty, inadequate, or defective material” leads to a conclusion that the drywall in question is a faulty, inadequate, or defective material and is specifically excluded by the homeowner’s policy. This Chinese drywall emits high levels of sulfuric gas which caused the damages to the Rosses’ plumbing, electrical wiring and metal components. The Rosses even refer to the drywall as “defective” in their petition. Further, we do not dispute the Rosses’ contention that the drywall still functioned as drywall and remained intact in the home. Consistent with the ordinary meaning of the words “faulty” and “defective”, courts have held that the faulty material exclusion can apply even when the property in question may be serving its intended purpose.
 
 TravCo Insurance Company v. Ward,
 
 715 F.Supp.2d 699 (E.D.Va.2010). We also agree with Louisiana Citizens and find that even if the drywall is still in place in the home, it is not truly serving its intended purpose as a component of a livable residence because of its inherent qualities of emitting the sulfuric gas.
 

 Because we find this Chinese drywall to be faulty, inadequate or defective materials, we find the Rosses’ claims for damages caused by this Chinese drywall to be excluded under their homeowners insurance policy.
 

 Latent Defect
 

 Next, Louisiana Citizens alleged in its motion for summary judgment that the Rosses’ claims are excluded under the homeowners insurance policy because the Chinese drywall is a latent defect. The homeowners insurance policy provides as follows:
 

 2. We do not insure, however, for loss:
 

 [[Image here]]
 

 c. Caused by: ...
 

 (6) Any of the following: ...
 

 l9(b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself....
 

 A latent defect is considered a defect that is hidden or concealed from knowledge, as well as from sight, and which a reasonable customary inspection would not reveal.
 
 Nida v. State Farm Fire & Casualty Company,
 
 454 So.2d 328, 335 (La.App. 3 Cir.1984),
 
 writ denied,
 
 458 So.2d 486 (La.1984).
 

 Louisiana Citizens contends that, in their original petition, the Rosses allege the claimed damage was caused by hidden defects and that the emission of gases was
 
 *954
 
 unintentional and unknown to them. The drywall was visibly undamaged, but silently emitted gases and caused damage. The Rosses did not notice this damage until two years after purchasing the home. Thus, Louisiana Citizens alleges this drywall contained a latent defect that was hidden or concealed from knowledge and sight and a reasonable customary inspection would not reveal, so the latent defect exclusion to the homeowners insurance policy applies. However, the Rosses argue that the latent defect exclusion to the homeowners policy applies only to a loss caused by a quality in the property that causes it to damage or destroy itself.
 

 We agree with Louisiana Citizens and find that the Chinese drywall that caused the damages sustained by the Rosses is a latent defect, which was hidden and unknown for two years. Therefore, the claims for damages are excluded from coverage under the latent defect exclusion to the homeowners insurance policy.
 

 Corrosion
 

 Next, Louisiana Citizens argued the claims for corrosion are excluded from coverage under the policy. The Rosses contend this exclusion does not apply in this case. The Rosses contend the damages sustained were not caused by corrosion, but the damage sustained is the actual corrosion itself.
 

 |10The homeowners policy states:
 

 2. We do not insure, however, for loss:
 

 [[Image here]]
 

 c. Caused by: ...
 

 (6) Any of the following: ...
 

 (c) Smog, rust or other corrosion, or dry rot.
 

 In their petition, the Rosses claim the Chinese drywall caused corrosion of the HVAC coils, the electrical wiring, the plumbing, appliances, and jewelry in their home. Louisiana Citizens argues that since the damage in the Rosses’ residence was caused by corrosion coverage for these damages is excluded under the policy.
 

 We find this exclusion applies to the damages alleged by the Rosses. The Rosses have specifically alleged in their petition that the emission of the gases from the drywall caused corrosion of the components in their home and they seek damages for this corrosion. The homeowners insurance policy clearly provides that Louisiana Citizens does not insure for loss caused by rust or corrosion. Thus, we find this exclusion applies and there is no coverage for the damages sustained by the Rosses.
 

 Pollution
 

 Next, the insurance policy with Louisiana Citizens includes an exclusion for claims caused by pollution. The homeowners policy states:
 

 2. We do not insure, however, for loss:
 

 [[Image here]]
 

 c. Caused by: ...
 

 (6) Any of the following: ...
 

 (e) Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage C.
 

 11 pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned, or reclaimed;
 

 [[Image here]]
 

 The Rosses claim the drywall emitted a sulfuric gas, which caused the damage to their home. According to the language of the policy, pollutants means any gaseous irritant or contaminant, including vapor,
 
 *955
 
 fumes, and chemicals. The sulfuric gas emitted from the Rosses’ drywall qualifies as a pollutant pursuant to this definition in the policy. Therefore, any damage caused by the release of these gases is excluded from coverage by the homeowners insurance policy.
 

 Personal Property & Contents
 

 Finally, the Rosses seek damages for various contents of their home that they allege were damaged as a result of the Chinese drywall. Louisiana Citizens argues that under the homeowners policy, personal property is covered only when one of the sixteen specified perils listed in the policy exists. The Rosses argue on appeal that one of the listed perils, smoke, does exist in this case since it is defined as the gaseous products of burning carbonaceous materials. Louisiana Citizens argues in opposition that invisible sulfuric gases that are not the product of combustion are not smoke. With regards to coverage of damage to personal property caused by smoke, the policy provides:
 

 B. Coverage C — Personal Property
 

 We insure for direct physical loss to the property described in Coverage C caused by any of the following perils unless the loss is excluded in Section I — Exclusions.
 

 [[Image here]]
 

 7. Smoke
 

 This peril means sudden and accidental damage from smoke, including the emission or puffback of smoke, soot, fumes, or vapors from a boiler, furnace, or related equipment.
 

 This peril does not include loss caused by smoke from agricultural smudging or industrial operations.
 

 |12We find any claims by the Rosses for damage to their personal property are not covered under the policy. The emission of sulfuric gases from the drywall do not constitute smoke pursuant to the definition provided in the policy. The emission of these gasses was not sudden and were not fumes or vapors from a boiler, furnace, or related equipment.
 

 Therefore, we find the claims made by the Rosses for the damages suffered as a result of the Chinese drywall in their home are excluded from coverage under their homeowners insurance policy with Louisiana Citizens for the reasons discussed above. Therefore, we find the trial court correctly granted summary judgment in favor of Louisiana Citizens and correctly dismissed the Rosses’ claims against Louisiana Citizens.
 

 Accordingly, the trial court’s judgment is affirmed.
 

 AFFIRMED