ROLAND L. BELSOME, Judge.
11 This appeal is taken from the granting of summary judgment in favor of the defendant Louisiana Citizens Property Insurance Corporation (LCPIC) and denying coverage for Marcia Widder’s claims.
Ms. Widder owns property insured by a LCPIC homeowner’s policy. In 2009, she made an insurance claim with LCPIC for damages caused by inorganic lead. U.S. Forensics, LLC, on behalf of LCPIC, conducted an inspection of the residence and found excessive levels of lead in the kitchen, living room, master bedroom, and attic. The report surmised that due to the level of inorganic lead in the attic, the dust had migrated into the walls. It was also determined that all of the contents of the home were contaminated. Ms. Widder and her children had to move from the home due to the dangerous level of lead contamination. Despite this finding, LCPIC denied her claim for damages.
After the denial, Ms. Widder filed suit alleging that by denying coverage LCPIC was in breach of contract and acting in bad faith for violating terms of the policy. LCPIC filed a motion for summary judgment stating that there was no direct physical loss or triggering event that created coverage and further, even if there were, the defective material exclusion, latent defect exclusion, and pollution JLexclusion all preclude coverage. At the hearing for the motion for summary judgment, the trial court found that the residence did not sustain a direct physical loss as is required to trigger coverage under the policy and further found that the exclusion of faulty materials applies to defective materials used in repair, construction, renovation, remodeling of part or all of any property whether on and off the residence premises. Based on those grounds, the trial court granted the summary judgment. This appeal followed.
Ms. Widder raises two assignments of error on appeal; 1) the district court erred by finding that the lead-based paint which originated in part from outside the property did not qualify as “direct physical loss” to trigger coverage; and 2) the district court erred by finding that the lead-based paint, which originated in part from outside the property was excluded from coverage under the homeowner’s policy’s defective material exclusion.
Appellate courts review the grant or denial of a motion for summary judgment de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/08/00), 775 So.2d 1049, 1050.

*296
Direct Physical Loss

[sIn the trial court’s reasoning for finding in favor of LCPIC, it relied on the policy language stating that “[w]e insure against risk of direct physical loss to property .... ” Agreeing with LCPIC, the trial court determined that since the home was still intact, no direct physical loss had occurred therefore, no coverage under the policy. However, in reviewing the policy, the term “direct physical loss” is not defined.
A summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, exists under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship. See La. C.C. art. 1983. Moreover, an insurance policy is a contract, which must be construed employing the general rules of interpretation of contracts. Reynolds, 634 So.2d at 1183; La. C.C. arts. 2045-2057. Courts are not at liberty to alter the terms of insurance policies that are unambiguous. Edwards v. Daugherty, 2003-2103 (La.10/1/04), 883 So.2d 932. However, if any doubt or ambiguity exists as to the meaning of a provision in an insurance policy, it must be construed in favor of the insured and against the insurer. See La. C.C. art. 2056.
The record is clear that Ms. Wid-der’s home is contaminated with inorganic lead which makes it uninhabitable until it has been gutted and remediated. For the purpose of determining direct physical loss, this type of loss is similar to the type of loss experienced from Chinese drywall. The issue of what constitutes a direct physical loss was recently addressed in connection with Chinese drywall 1 litigation. In In re Chinese Manufactured Drywall Products Liability Litigation, 759 F.Supp.2d 822 (E.D.La.2010), the court found that the presence of Chinese drywall, from which gaseous fumes were released, did in fact constitute a direct physical loss. The court stated that when a home has been rendered unusable or uninhabitable, physical damage is not necessary. Id. (quoting TRAVCO Insurance Co. v. Ward, 715 F.Supp.2d 699 (E.D.Va. 2010)). In this case, we find the intrusion of the lead to be a direct physical loss that has rendered the home unusable and uninhabitable. See, Ross v. C. Adams Construction & Design, 10-852 (La.App. 5 Cir. 6/14/11), 70 So.3d 949 (Although the Chinese drywall is physically intact and functional, its inherent qualities require it to be taken down and replaced. Therefore, there was a direct physical loss.).

Exclusions

In her second assignment of error Ms. Widder contends that the trial court erroneously found that the homeowner’s policy’s defective material exclusion applied. The “Perils Insured Against” section of the policy does not specify perils that are covered, but instead lists the perils that are not insured. This policy is characterized as an “all risk” policy, one where all risks are covered unless clearly and specifically excluded. See Morgan v. Auto Club Family Ins. Co., 2004-1562, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 135, 137; Dawson Farms, L.L.C. v. Millers Mut. Fire Ins. Co., 34, 801, p. 3 (La.App. 2 Cir. 8/1/01), 794 So.2d 949, 950. An insurer moving for summary judgment on an exclusionary provision within a policy bears the burden of proving the applicability of that exclusion. See Blackburn v. *297 National Union Fire Ins. Co., 2000-2668, p. 6 (La.4/3/01), 784 So.2d 637, 641 (Louisiana Supreme Court placed burden on insurer to show that | exclusion applied when reviewing denial of insurer’s motion for summary judgment on the exclusion).
Even though LCPIC cites to three exclusionary provisions that it claims would defeat coverage, the trial court only made a finding as to the faulty, inadequate or defective material exclusion. Thus, that is the only ruling that is properly before this Court for review.
Ms. Widder’s homeowner’s policy has the following provision under Section 1-Exclusions:
B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.
[[Image here]]
3. Faulty, inadequate or defective:
[[Image here]]
c. Materials used in repair, construction, renovation or remodeling; or
d. Maintenance;
of part or all of any property whether on or off the “residence premises”.
To be successful on a motion for summary judgment on the issue of coverage, LCPIC must prove that the damage complained of, the lead contamination, falls squarely into this exclusion. According to LCPIC’s engineer’s report, wipe samples taken from the attic indicate that inorganic lead from the environment had infiltrated the home. The report further states that the sources of the inorganic lead inside the home were man-made and include lead in soils, dust from the environment and paint containing inorganic lead.
In order for this particular exclusion to defeat coverage on summary judgment, LCPIC has the burden of establishing that all of the lead dust in the | RWidder home came from faulty, inadequate or defective materials used for repair, construction, renovation, remodeling, or maintenance. That burden was not met and therefore the trial court erred when it determined there were no genuine issues of material fact regarding the coverage based on this one exclusion. LCPIC’s engineer acknowledged that there was more than one source for the lead dust, but did not identify the specific origins of each source as construction material.
Accordingly, the motion for summary judgment on the issue of coverage is reversed. This matter is remanded for further proceedings.
REVERSED AND REMANDED.
11 ORDER
Rehearing denied.
MURRAY, J., dissents from the denial of rehearing and assigns reasons.
/sJ Roland L. Belsome
/s/ James F. McKay, III /s/ Justices, Supreme Court of Louisiana