JAMES F. McKAY III, CHIEF JUDGE
hln this insurance dispute, defendants, Olivier House Property Management, LLC (“Olivier House Hotel”) and Hartford Accident and Indemnity Insurance Company (“Hartford”), seek review of the May 10, 2016 judgment of the trial court, granting a motion for summary judgment in favor of third party defendant, American Empire Surplus Lines Insurance Company (“American Empire”), and denying Olivier House Hotel’s cross-motion for summary judgment. For the reasons set forth below, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Plaintiffs, Charles Vise, Jr. and Delilah Vise, filed a petition for damages alleging that Jonny Larios (“Mr. Larios”), in the course of his employment with Olivier House Hotel, and while driving a vehicle owned by a guest of Olivier House Hotel (“Rutledge vehicle”), negligently collided with their vehicle. At the time of the accident, Mr. Larios was retrieving the Rutledge vehicle from its parked location and returning it to the hotel. The record reflects that a representative of Olivier House Hotel had parked the Rutledge vehicle approximately ten (10) blocks away because the adjacent parking lot maintained by the hotel was full.
laOlivier House Hotel, located at 828 Toulouse Street in the French Quarter, maintains an adjacent parking lot at 531-533 Dauphine Street to park guests’ vehicles. At the time of the accident, Olivier House Hotel was insured under a general liability policy issued by American Empire. The policy covers both the Toulouse Street property and the Dauphine Street parking lot.
The petition for damages names Mr. Larios, Olivier House Hotel, and Hartford (plaintiffs’ uninsured motorist carrier) as defendants.[1] Olivier House Hotel filed a third party demand against American Empire seeking a defense and indemnity. In response, American Empire filed a motion for summary judgment, asserting that it had no liability under the policy because of an “auto” exclusion, which excluded coverage for damages arising out of the use of an automobile.
Olivier House Hotel filed a cross-motion for summary judgment, arguing that the “auto” exclusion does not apply here because of a “parking exception” contained in the policy, for “parking an ‘auto’ on, or on the ways next to, premises you own or rent ...”’, restores coverage. Hartford opposed American Empire’s motion for *159 summary judgment based on the same argument advanced by Olivier House Hotel.[2]
After hearing the matter, the trial court rendered judgment on May 10, 2016, granting summary judgment in favor of American Empire, dismissing all claims against American Empire with prejudice, and denying Olivier House Hotel’s cross- | smotion for summary judgment. Olivier House Hotel and Hartford filed timely appeals, which have been consolidated by this Court.[3]
STANDARD OF REVIEW
“A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; ie. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83.
An insurer moving for summary judgment on an exclusionary provision within a policy, as in the present case, bears the burden of proving the applicability of that exclusion. Widder v. Louisiana Citizens Property Ins. Corp., 11-0196, p. 4 (La.App. 4 Cir. 8/10/11), 82 So.3d 294, 296 (citing Blackburn v. National Union Fire Ins. Co., 00-2668, p. 6 (La. 4/3/01), 784 So.2d 637, 641).
Here, the material facts giving rise to the litigation are undisputed; the interpretation of the American Empire policy is purely a question of law and, therefore, appropriate for summary judgment resolution.
DISCUSSION
American Empire denied coverage and based its motion for summary judgment on an “auto” exclusion contained in the policy, which excludes coverage for:
“Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and “loading and unloading”. (Emphasis added).
I ¿This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the “occurrence” which caused the “bodily injury” or “property damage” involved the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft that is owned or operated by or rented or loaned to any insured.
This exclusion does not apply to:
⅝ * * *
(3) Parking an “auto” on, or on the ways next to, premises you own or rent, provided the “auto” is not owned by or rented or loaned to you or the insured; [“parking exception”]
American Empire maintains that based on the clear language of the policy and the undisputed facts of this case, there is no question that plaintiffs’ injuries arose out of the use or entrustment of an auto, thus triggering the auto exclusion. American Empire further argues that the “parking exception” does not apply here to restore coverage. Specifically, American Empire *160 contends that at the time of the accident, Mr, Larios was not “parking” the Rutledge vehicle, and more importantly, he was not operating the vehicle “on, or on the ways next to” the premises operated by Olivier House Hotel.[4] American Empire submits that the only pertinent fact here is that the accident in question occurred at the intersection of Lafitte Street and Claiborne Avenue, roughly ten (10) blocks away from the Olivier House Hotel and its adjacent parking lot. Thus, Mr. Larios was not in the process of parking the vehicle “on, or on the ways next to” the hotel’s premises. American Empire further notes that while the policy covered the hotel property and the adjacent Dauphine Street parking lot, the Rutledge vehicle had not been parked in the parking lot. In sum, American Empire asserts that considering the | ^unambiguous language of the exclusion, the policy does not provide coverage for parking a vehicle at a remote location.
Hartford and Olivier House Hotel assert that the trial court erred when it failed to interpret the American Empire policy in favor of coverage despite ambiguous policy provisions, which can be reasonably read to provide coverage. They argue that at the time of the accident, Mr, Larios was in the process of “parking” the Rutledge vehicle at the hotel. Hartford and Olivier House Hotel submit that driving the vehicle from its offsite parking space back to the hotel, should be considered “parking” within the meaning of the “parking exception” provision in the policy.
In support of their argument, Hartford and Olivier House Hotel cite U.S. Underuniters Ins. Co. v. Kum Gang, Inc., 443 F.Supp.2d 348 (E.D.N.Y. 2006), wherein the court interpreted the same “parking exception” as being subject to several reasonable interpretations. In Kum Gang, as in the present case, the insurance policy provided coverage for the insured restaurant as well as the restaurant’s separate parking lot. In that case, the valet driver exited the restaurant’s driveway onto a public street in a patron’s vehicle when he struck a pedestrian. At the time, the valet was driving the patron’s vehicle around the block to park it in the restaurant’s parking lot. Citing the auto exclusion in the policy, the restaurant’s insurer denied coverage because the accident did not occur on the insured’s premises. In finding that the “parking exception” restored coverage under the policy, the court stated:
It is well-settled that an exclusion must be clear and unambiguous in order to be enforceable. Continental Cas. Co. v. Rapid-American Corp.], 80 N.Y.2d [640,] at 652, 593 N.Y.S.2d 966, 609 N.E.2d 506 [ (1993) ]. This “auto exclusion” does not conform to those standards. Contrary to Underwriters’ interpretation, “parking” a car could be understood to include taking a |flcar from its drop-off point to its designated parking place. Underwriters offers no explanation for why “parking” could not carry this more expansive meaning, or even why them very limited understanding of “parking” should impliedly exclude any and all driving on a public roadway. Since the policy is subject to at least one other interpretation favorable to the insured, it does not provide for a “clear and unmistakable” exclusion applicable here.
Other evidence supports this conclusion. Both the Restaurant premises and the YMCA lot were covered by the Underwriters insurance policy. The fact that two premises are insured makes it *161 reasonable to interpret the movement from one premises to another a covered act. It is clear that Underwriters was aware that Kum Gang was conducting a valet parking operation that involved an off-site parking lot, and Underwriters makes no assertion to the contrary.
Additionally, the language of the exclusion does not specify that coverage under the parking exception is void when the vehicle is on a public roadway. If it had been intended that the exclusion cover transportation between the two premises separated by a public roadway, that intent could have been easily and clearly expressed in the exception. It wasn’t.
Kum Gang, 443 F.Supp.2d at 356-357.
American Empire submits that the Kum Gang case is factually distinguishable because in that case, the vehicle was being driven from one insured location to be parked at another insured location and, the accident occurred as the valet exited the restaurant’s driveway, which was “on the ways next to” the premises owned or rented by the insured. We agree. We find that Kum Gang is distinguishable, and is also non-binding persuasive authority.
In Bonin v. Westport Ins. Corp., 05-0886 (La. 5/17/06), 930 So.2d 906, the Louisiana Supreme Court summarized the principles for construing insurance policies as follows:
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La. 6/27/03), 848 So.2d 577, 580; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911 (La. 1/14/94), 630 So.2d 759, 763. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art. 2045; Louisiana Ins. Guar. Ass’n, 93-0911 at p. 5, 630 So.2d at 763; | ^Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La. 1991). Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047; Cad-wallader, 02-1637 at p. 3, 848 So.2d at 580; Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La. 10/20/98), 719 So.2d 437, 439.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Carrier v. Reliance Ins. Co., 99-2573, pp. 11-12 (La. 4/11/00), 759 So.2d 37, 43 (quoting Louisiana Ins. Guar. Ass’n, 93-0911 at p. 5, 630 So.2d at 763). Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes. Carbon, 97-3085 at p, 5, 719 So.2d at 440; Louisiana Ins. Guar. Ass’n, 93-0911 at p. 6, 630 So.2d at 763.
If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. Louisiana Ins. Guar. Ass’n, 93-0911 at p. 6, 630 So.2d at 764; Garcia, 576 So.2d at 976. That strict construction principle, however, *162 is subject to exceptions. Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; earner, 99-2573 at p. 12, 759 So.2d at 43-44. One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Cadwallader, 02-637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44. For the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Cadwal-lader, 02-1637 at p. 3, 848 So.2d at 580; Carrier, 99-2573 at p. 12, 759 So.2d at 43-44.
Bonin, 05-0886, pp. 4-6, 930 So.2d at 910-11.
Applying these precepts of contract interpretation, we find that the “auto” exclusion is clear and unambiguous. The policy bars coverage for damages arising out of the use of an auto, unless the “parking exception” applies. As previously explained, the “parking exception” restores coverage for “[p]arking an ‘auto’ on, or on the ways next to, premises you own or rent, provided the ‘auto’ is not owned by |sor rented or loaned to you or the insured.” Based on our review of the policy and the undisputed facts of this case, we find that the “parking exception” is not applicable.
Given the facts of the Kum Gang case, the court reasonably concluded that the “parking exception” applied to restore coverage. However, the present case is clearly distinguishable. Here, unlike in Kum Gang, the accident did not occur while the Rutledge vehicle was being driven between the two insured locations. Moreover, because this accident occurred some ten (10) blocks away from the Olivier House Hotel, the vehicle was not being operated on the ways next to the insured premises. Under these facts, we find no reasonable interpretation of the “auto” exclusion, which would afford coverage for plaintiffs’ damages. In sum, no genuine issue of material fact as to coverage exists, and summary judgment was properly granted in favor of American Empire.
CONCLUSION
Upon de novo review of the record, we find no error on the part of the trial court in granting summary judgment in favor of American Empire, and in denying Olivier House Hotel’s cross-motion for summary judgment. Accordingly, we affirm.
AFFIRMED

. A supplemental petition added defendant, Texas Farm Bureau Casualty Insurance Company, the insurer of the Rutledge vehicle.

. Plaintiffs adopted the factual assertions presented by Olivier House Hotel and Hartford in opposition to American Empire’s motion for summary judgment.

. Plaintiffs adopt the arguments set forth in Hartford’s original appellant brief.

. The record reflects that Olivier House Hotel rented the property on which the hotel was located.