| | | |
|---|---|---|
| CAJUN CONTI LLC, CAJUN CUISINE 1 LLC, AND CAJUN CUISINE LLC D/B/A OCEANA GRILL | * | NO. 2021-CA-0343 |
| | * | COURT OF APPEAL |
| | * | |
| VERSUS | * | FOURTH CIRCUIT |
| | * | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND GOVERNOR JOHN B. EDWARDS IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF LOUISIANA, AND THE STATE OF LOUISIANA | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02558, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Pro Tempore James F. McKay, III)

**ON APPLICATION FOR REHEARING**

**BELSOME, J. DISSENTS**
**LOBRANO, J., CONCURS AND ASSIGNS REASONS**
**JENKINS, J., CONCURS IN THE RESULT**
**MCKAY, J., PRO TEMPORE, CONCURS IN RESULT**

John W. Houghtaling, II
GAUTHIER, HOUGHTALING & WILLIAMS, L.L.C.
3500 North Hullen Street
Metairie, LA 70002

Jennifer Perez
GAUTHIER MURPHY & HOUGHTALING, L.L.C.
3500 N. Hullen St
Metairie, LA 70002

Daniel Ernest Davillier
DAVILLIER LAW GROUP
1010 Common Street, Suite 2510

New Orleans, LA 70112

Roderick Rico Alvendia
ALVENDIA KELLY & DEMAREST, L.L.C.
909 Poydras Street, Suite 1625
New Orleans, LA 70112-4500

Jennifer L. Kuechmann
ALVENDIA, KELLY & DEMAREST, L.L.C.
909 Poydras Street, Suite 1625
New Orleans, LA 70112

James M. Williams
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM &
HAYES, LLP
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

Phillip J. Laborde
CHEHARDY, SHERMAN, WILLIAMS,
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

Matthew A. Sherman
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM &
HAYES, L.L.P.
One Galleria Bouldevard, Suite 1100
Metairie, LA 70001

Bernard Louis Charbonnet, Jr.
LAW OFFICES OF BERNARD L. CHARBONNET, JR.
365 Canal Street
One Canal Place, Suite 1155
New Orleans, LA 70130

Desiree Mary Charbonnet
Law Office Desiree M. Charbonnet LLC
365 Canal Street
Suite 1100
New Orleans, LA 70130

Anthony David Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130

Richard P. Lewis
REED SMITH, LLP
Three Logan Square

1717 Arch Steet Suite 3100
Philadelphia, PA 19103

John N. Ellison
REED SMITH, LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022


COUNSEL FOR PLAINTIFF/APPELLANT


Kyle D. Schonekas
SCHONEKAS EVANS McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112

Joelle Flannigan Evans
SCHONEKAS EVANS McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112

Heather S. Duplantis
PHELPS DUNBAR LLP
400 Convention Street, Suite 1100, II City Plaza
P. O. Box 4412
Baton Rouge, LA 70821-4412

Thomas H. Peyton
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Allen C. Miller, Sr.
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534

Virginia Y. Dodd
PHELPS DUNBAR LLP
400 Convention Street, Suite 1100
Baton Rouge, LA 70802

Kevin W. Welsh
PHELPS DUNBAR LLP
400 Convention Street, Suite 1100
Baton Rouge, LA 70802

Martin A. Stern

ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

Leigh Ann Schell
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, LA 70193

Sara C. Valentine
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

Alexandra Roselli Lamb
ADAMS AND REESE, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139


COUNSEL FOR DEFENDANT/APPELLEE


**REHEARING GRANTED FOR CLARIFICATION ONLY; REHEARING
EN BANC DENIED
AUGUST 8, 2022**

*TFL*

This matter is before the Court on an application and incorporated brief for rehearing or, alternatively, rehearing en banc filed by the appellee, Certain Underwriters at Lloyd's, London (Lloyd's). Upon review, we grant rehearing for clarification only. We find that the application for rehearing raises no new issues for consideration and that the Court did not err in its reversal of the trial court's judgment. Further, rehearing *en banc* is denied. The Court's opinion of June 15, 2022 remains intact.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Cajun Conti LLC, Cajun Cuisine I LLC, and Cajun Cuisine LLC d/b/a Oceana Grill (hereinafter collectively "Oceana") is the owner and operator of Oceana Grill, a large restaurant in the French Quarter of New Orleans. During the COVID-19 pandemic, Oceana suspended operations to comply with local regulations. Oceana eventually reopened, but with reduced capacity to curtail the spread of COVID-19 particles on the premises. In addition to reducing the

1

restaurant's capacity, Oceana undertook decontamination efforts to clean surfaces of the viral particles.

Seeking guidance on the availability for insurance coverage for its closures and reductions in capacity, Oceana filed a petition in civil district court for declaratory judgment regarding an all-risks insurance policy they purchased from Lloyd's. In the petition, Oceana asked the court to declare that the all-risks policy provided coverage for any loss or damage caused by direct physical loss of or damage to their insured premises as a result of continuous contamination by COVID-19. Lloyd's responded to the petition with arguments that contamination from COVID-19 did not constitute "direct physical loss or damage" and filed a motion for summary judgment.

The trial court denied the motion for summary judgment and proceeded to a bench trial. Following the trial, the trial court denied Oceana's petition for declaratory judgment. Oceana appealed the trial court's denial of the petition for declaratory judgment. We found the insurance policy to be ambiguous and capable of more than one reasonable interpretation in regards to the coverage of lost business income. We held that this ambiguity necessitated an interpretation of the contract in favor of the appellant, Oceana, and reversed the trial court's judgment. Lloyd's has now filed this application and incorporated brief for rehearing of our judgment or, alternatively, rehearing en banc. The appellant filed a reply brief to the appellee's application and the appellee subsequently filed a supplemental brief in support of its application.

# DISCUSSION

## *Standard of Review*

An application for rehearing is considered when a court has "(A) [g]ranted a writ application on the merits; (B) [d]ismissed an appeal; or (C) [r]uled on the merits of an appeal." Uniform Rules, Courts of Appeal, Rule 2-18.7.

This Court has summarized the standard of review for legal errors to hold that:

> Where an error of law taints the record, we are not bound to affirm the judgment of the lower court. *Id.* at 844. Furthermore, when a trial court makes one or more prejudicial legal errors which interdict the fact-finding process, the manifest error standard is no longer applicable, and the appellate court is obliged to make its own independent, *de novo* review of the record if such is complete. *Evans v. Lungrin,* 97-0541, 97-0577, p. 7 (La.2/6/98), 708 So. 2d 731, 735; *McLean v. Hunter,* 495 So. 2d 1298, 1303-04 (La.1986).

*In re Succession of Sporl*, 04-1373, p. 5 (La. App. 4 Cir. 4/6/05), 900 So. 2d 1054, 1058.

The presence of ambiguity in an insurance contract is a question of law. *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 4 (La. 6/27/03), 848 So. 2d 577, 580 (citing *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911, (La. 1/14/94), 630 So. 2d 759, 764). "Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Cadwallader*, 02-1637, p. 3, 848 So. 2d at 580 (citing La. C.C. art. 2047; *Peterson v. Schimek,* 98-1712, p. 5 (La. 3/2/99), 729 So. 2d 1024, 1028-29; *Carbon v. Allstate Ins. Co.*, 97-3085, p. 4 (La. 10/20/98), 719 So. 2d 437, 440-41; *Reynolds,* 634 So. 2d at 1183). If a court

4

finds ambiguity in an insurance contract, the ambiguous provision is "generally construed against the insurer and in favor of coverage. *Cadwallader*, 02-1637, p. 4, 848 So. 2d at 580 (citing La. C.C. art. 2056; *Carrier v. Reliance Ins. Co.*, 99-2573, p. 12 (La. 4/11/00), 759 So. 2d 37, 43; *Louisiana Ins.*, 93-0911, 630 So. 2d at 764).

### *Application for Rehearing or, Alternatively, Rehearing En Banc*

In its application for rehearing, the appellee presents three main arguments. First, the appellee argues that *Widder v. Louisiana Citizens Prop. Ins. Corp.*, 11-0196, (La. App. 4 Cir. 8/10/11), 82 So. 3d 294, *writ denied*, 11-2336 (La. 12/02/11), 76 So. 3d 1179, does not support our reversal of the trial court's judgment. Second, the appellee argues that the Court erred in finding the all-risk insurance policy to be ambiguous. Third, the appellee avers that the Court's opinion creates a split between the Louisiana Court of Appeal, Fourth Circuit, and the United States Fifth Circuit.

### 1. *Widder v. Louisiana Citizens Prop. Ins. Corp.*

In *Widder*, this Court held that that physical damage was not necessary to trigger coverage in an insurance policy because the insured property was "rendered unusable or uninhabitable." *Widder*, 11-0196, p. 4, 82 So. 3d at 296 (citing *In re Chinese Manufactured Drywall Products Liability Litigation*, 759 F. Supp. 2d 822 (E.D. La. 2010); *Ross v. C. Adams Construction & Design*, 10-852 (La. App. 5 Cir. 6/14/11), 70 So. 3d 949). The appellee asserted that *Widder's* holding does not apply to the factual scenario presented in this matter, as the appellants continued to

operate the premises and the property was not uninhabitable or unusable. The appellee has renewed this argument in their application for rehearing.

An examination of the insurance policy at issue in the case *sub judice* reveals that the policy provides coverage for the insured's "period of restoration" following "direct physical loss of or damage to the property" due to a suspension of business operations. "Suspension" is defined in the policy as a cessation **or a slowdown** of business activities (emphasis added). In defining "suspension" to include a slowdown of business activities, this policy provision does not require that the property be completely uninhabitable or unusable in order for coverage to prevail.

## 2. Ambiguity

The contract language defining suspension as a slowdown of business activities, in conjunction with the requirement for "direct physical loss of or damage to the property," gives rise to ambiguity in the policy because it creates two equally reasonable interpretations of the policy provision. The appellee's position, that the insured must fully lose the use of the property, is one reasonable interpretation. However, another equally reasonable interpretation is proffered by the appellants, who contend that a covered loss is the inability to fully utilize the property.

The appellee charges that the Court jumped over the threshold requirement that, whatever the nature of the suspension, it must always be caused by a "direct **physical** loss of or damage to property" at the insured premises" (emphasis added).

6

The appellee argues that "physical" has consistently been interpreted to mean tangible, and that the Court did not apply that settled interpretation. This is inaccurate. The Court acknowledged the policy language requiring "physical" loss or damage and noted that COVID-19 particles have a tangible, corporeal form, despite not being immediately visible. The Court also observed that in *Widder*, the Fourth Circuit joined a line of cases extending coverage to losses sustained from the propagation of harmful agents with a tangible physical form but which, like COVID-19 particles, are not discernible with the naked human eye.

The appellee states that the Court also erred in its interpretation of the "period of restoration." This provision extends coverage to the period of time commencing seventy-two hours after the loss or damage, until the property is "repaired or replaced," or business is resumed at a new, permanent location. The appellee argues that "[w]e all know what it is to repair" and that the Court failed to apply the ordinary, prevailing meaning of "repair," as required by law. In defining repair as "to restore by replacing a part or putting together what is torn or broken" and "to restore to a sound or healthy state," the Court relied upon an established dictionary publisher and referenced only the primary definitions provided.[1]

The appellee further argues that the Court had no sound basis to reverse the trial court on grounds that the policy language is ambiguous. The appellee states that the trial addressed whether the suspension of operations was caused by direct physical loss of or damage to the property and implicitly made a factual

_____

[1] *Repair Definition*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/repair (last visited July 20, 2022).

finding that the suspension was not caused by physical damage. The appellee argues that this procedural posture renders our legal finding of ambiguity improper.

In the initial appeal, the appellants offered two assignments of error. The first assignment of error pertained to the trial court's factual finding that the premises did not sustain a direct physical loss or damage under the terms of the contract as a result of continuous contamination by the COVID-19 coronavirus. The second assignment of error addressed the trial court's legal conclusion that the commercial property policy that the appellee drafted and sold to Oceana was not ambiguous. The assignments of error were offered in the alternative. The Court focused on the legal question of ambiguity because any factual findings by the trial court regarding the existence of "physical loss of or damage to" the property would have been premised on an understanding and interpretation of these relevant contract terms.

### 3. *Conflict within the Circuit and with the United States Fifth Circuit*

The appellee's third argument posits that the Court should grant rehearing *en banc* because there is a conflict within the Circuit regarding the applicability of *Widder*.

A party may apply for a rehearing *en banc* in cases of an inter-circuit conflict. *See Melerine v. Boba*, 95-0197, p. 1 (La. App. 4 Cir. 10/12/95), 664 So. 2d 148, 151. In the present case, two members of the five-judge panel in the Court's underlying opinion dissented on the applicability of *Widder* to the facts at

issue in this matter.  The appellee fails to cite to any legal authority requiring *en banc* review when a minority of judges on a panel dissent about the applicability of a prior case.  The appellee emphasizes that one dissenting panel member was the original author of the prior case, yet provides no supporting authority to demonstrate that rehearing *en banc* is required, or even encouraged, under these circumstances.

Last, the appellee states that rehearing *en banc* is necessary because the Court's opinion conflicts with a federal case, *Muriel's New Orleans, LLC v. State Farm Fire & Cas. Co.*, 2021 WL 4290724 (E.D. La. Sept. 21, 2021).  In *Muriel's New Orleans, LLC*, the federal district court issued an order finding that the insured "did not sufficiently alleged direct physical loss to the covered property." *Muriel's New Orleans, LLC*, 2021 WL 4290724, *8.  However, in that case, the restaurant explicitly pled that it "never found any evidence of the COVID-19 virus on its property." *Id.*  This is distinguishable from the case at bar, where the appellants introduced evidence to show that COVID-19 particles were on its property.  Furthermore, federal district court decisions are not binding authority upon the state courts of Louisiana, although they may be reviewed as persuasive authority.  *State v. King*, 19-01332, p. 5 (La. 4/3/20), --- So. 3d ----, ----, 2020 WL 1671536, *3.  Therefore, no direct conflict exists sufficient to refer the case to a hearing *en banc*.

## MOTION

9

Considering the Motion for Leave to File Reply Brief in Support of Application for Rehearing or, Alternatively, Rehearing En Banc, filed by the appellee, it is hereby ordered that the motion for leave to file the reply brief is granted.

## DECREE

Accordingly, the application for rehearing raises no new issues for consideration and the Court did not err in its reversal of the trial court's judgment. Therefore, rehearing is granted for clarification only and rehearing *en banc* is denied. The Court's opinion of June 15, 2022 stands unchanged.

**REHEARING GRANTED FOR CLARIFICATION ONLY; REHEARING EN BANC DENIED**